**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON (TACOMA)**

| | |
|---|---|
| EMANUEL MCCRAY,<br><br>Plaintiff,<br>v.<br><br>MICROSOFT CORPORATION,<br><br>Defendant. | Case No.: 3:25-cv-05660-RAJ<br><br>PLAINTIFF'S RESPONSE TO DOC. NO. 11 |

"In the fields of observation chance favors only the prepared mind."[1]

Plaintiff respectfully urges the Court to reject, as absurd, Defendant's three, very strong Arguments that on the one hand, Plaintiff has a valid Arbitration Agreement with Defendant, while on the other hand, the Court has Article III jurisdiction to "stay this action pending arbitration." Both of these arguments cannot be sustained as set forth in the Memorandum of Law that follows.

[1] R. M. Pearce. *Chance and the Prepared Mind*, quoting L. Pasteur Lecture at the University of Lille on December 7, 1854. Science, Jun. 21, 1912, New Series, Vol. 35, No. 912 (Jun. 21, 1912), pp. 941-956. Published by: American Association for the Advancement of Science. Available from https://www.jstor.org/stable/pdf/1638153.pdf.

## MEMORANDUM OF LAW

### A. A Plaintiff Must Always Demonstrate Standing.

Mr. Justice Alito, for a unanimous Court in *Town of Chester, NY v. Laroe Estates, Inc.,* 137 S. Ct. 1645, 1651 (2017), citing, *DaimlerChrysler Corp. v. Cuno,* 547 U.S. 332 , 341, 126 S.Ct. 1854 , 164 L.Ed.2d 589 (2006), stated with clarity and certainty: "If a dispute is not a proper case or controversy, the courts have no business deciding it, or expounding the law in the course of doing so…."

This principle dictates the disposition of this case, notwithstanding the Court's Notice entered on September 30, 2025 deferring entry of an initial case scheduling order. See also *Clapper v. Amnesty Int'l USA,* 568 U. S. 398, 408 (2013) (Article III of the Constitution limits federal courts' jurisdiction to certain 'Cases' and 'Controversies'"); *Simon v. Eastern Ky. Welfare Rights Organization,* 426 U. S. 26, 38 (1976) (Plaintiff must allege a "personal stake in the outcome of the controversy.").

This is where Defendant's Super Yacht began taking on lots of salt water. Here, Defendant places the Court's inquiry at an end and made the case subject to immediate dismissal. This is so, according to Defendant, because Plaintiff's claims are 100% covered under Title 9 U.S.C. § 2 and Defendant's Agreement to Arbitrate.

Therefore, by Defendant's own legal logic, Plaintiff does not have any standing to file this complaint against Defendant.

This is weird science of law given the fact that it is axiomatic that a contract's purpose must be legal. A contract for an unlawful act, such as using a computer to engage in cyber-extortion, blackmail and defamation, has never been held to be enforceable under 9 U.S.C. § 2, and Defendant directs this Court's attention to no supporting case law or statute in Defendant's very strong and persuasive arguments.

While it might be possible that a dispute under 18 U.S.C. § 1030 could end up in arbitration, an Agreement to permit Defendant to intentionally direct its crimes of blackmail, extortion and defamation **must** clearly appear in the arbitration clause of the contract to entitle Defendant to enforcement through 9 U.S.C. § 2.

Defendant did not direct the Court to any terms in the Agreement authorizing Defendant to commit crimes against Plaintiff, and Plaintiff was unable to find any case law upholding a commercial contract where consumers agree to be victims of Defendant's crimes arguably cognizable under 18 U.S.C. § 1030.

**B. Defendant's Past Refusal To Arbitrate and Fix Its Cyber Vulnerabilities Prompted This Action.**

During June, July and August of 2023, Plaintiff mailed several civil "Demand" letters to Defendant which notified Defendant that Plaintiff's Hotmail account was being maliciously and criminally targeted by over "40 unique IP

Addresses." See Plaintiff's Complaint ("Complt.") ¶ 106 at 34 and Complt Exhibit 1. No demand to arbitrate was received from Defendant.

In July 2023, Plaintiff and others notified Defendant they were exercising their right to opt out of a class action against Defendant and bring their own action. Complt ¶ 107 at 34-35 and Complt Exhibit 2. No demand to arbitrate was received from Defendant.

Defendant's systemic failure to properly address the corporation's vulnerabilities were successfully exploited by China. On July 8, 2025, the U.S. Justice Department unsealed an Indictment charging Chinese nationals Xu Zewei (徐泽伟) and Zhang Yu (张宇) with hacking and stealing crucial COVID-19 research from over 60,000 U.S. entities through illegal computer intrusions involving Defendant's Microsoft Exchange Server. See Complt. ¶¶ 80-85 at 25-26.

**C. Defendant Has Refused To Entertain Settlement Discussions Or Comply With the Conditions of the Waiver of Summons.**

In exchange for waiving the service of the Summons, Plaintiff gave Defendant 60 days to "file and serve an answer or a motion under Rule 12." See ECF Nos. 7 and 8. Defendant has failed to comply with these instructions. Instead, on September 29, 2025, Defendant filed a Motion to Compel Arbitrations and Stay Case, which is not a motion cognizable under Rule 12. See ECF No. 11.

On September 9, 2025, Defendant was served with "Offer To Settle Or Suggestion of Judgment." See Exhibit 1 to this Response. Defendant did not

respond to these offers. See also Exhibits 2 and 3 to this Response, courtesy copies of which were provided to Defendant's Counsel.

**CONCLUSION**

The Court's Article III jurisdiction is limited to immediately dismissing this complaint for Plaintiff's lack of standing pursuant to *Town of Chester, NY v. Laroe Estates, Inc.,* 137 S. Ct. 1645, 1651 (2017), or denying Defendant's Motion and entering an initial case scheduling order pursuant to FRCP 16(b), notwithstanding Defendant's failure to comply with Rule 26(a)(1).

Submitted respectfully,

DATED this 1st day of October 2025.

/s/ Emanuel McCray
Emanuel McCray