UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON (TACOMA)

| | |
|---|---|
| EMANUEL MCCRAY,<br><br>  Plaintiff,<br><br>  v.<br><br>MICROSOFT CORPORATION,<br><br>  Defendant. | Case No.: 3:25-cv-05660-RAJ<br><br>PLAINTIFFS' MOTION TO CERTIFY FOR INTERLOCUTORY APPEAL UNDER 28 U.S.C. § 1292(b)<br><br>**NOTE ON MOTION CALENDAR:**<br>**November 10, 2025** |

## CERTIFICATION QUESTIONS

1. Whether the 14-day discretionary delay for entry of default under Local Court Rule (LCR) 55(a), which extends a defendant's time to answer without an order or showing of good cause in violation of the "must enter" direction of FRCP Rule 55(a), is a valid exercise of local rulemaking power under the Supremacy Clause, the Rules Enabling Act (28 U.S.C. § 2072 (b)), FRCP 83(a)(1), and the Due Process Clause of the Fifth Amendment.

2. Whether the administrative practice of permitting an opposing party to create, ad hoc, a 15-day motion notice dispositive local rule, which shortens a Plaintiff's response to this ad hoc local rule by 46%, is a valid exercise of local rulemaking power under the Supremacy Clause, the Rules Enabling Act (28 U.S.C. § 2072 (b)), FRCP 83(a)(1), and the Due Process Clause of the Fifth Amendment.

# I.   BACKGROUND

On July 28, 2025, Plaintiff commenced this action. ECF 4. On July 30, 2025, Plaintiff served Defendant with Waiver of the Service of Summons, which was accepted and returned by Defendant subject to the conditions set forth therein. See ECF 7 and 8.

The deadline to defend was Sunday, September 28, 2025, which automatically fell to Monday, September 29, 2025. On this date, Defendant failed to comply with the terms and conditions set forth in ECF 7, and instead filed ECF 11, "MOTION to Compel Arbitrations and Stay Case." This Motion was noted for 15 days and did not comply with the 28-Day noting for dispositive motions required under LCR 4(d)(4).

This brand new 15-day dispositive Motion, which substantially limited Plaintiff's response preparation time, severely prejudiced Plaintiff by reducing a 28-day dispositive motion by 13 days, or 46%.

On September 30, 2025, the Court acknowledged the existence of ECF 11 with the following docket entry:

> "NOTICE TO THE PARTIES: The Court acknowledges the requirements of FRCP 16(b), but finds good cause to defer entry of an initial case scheduling order pending its ruling on Defendant Microsoft Corporation's 7 MOTION to Compel Arbitration and Stay Case. (VE)"

On October 1, 2025, Plaintiff served Defendant pursuant to the 14-day notice requirement set forth in LCR 55(a), which is inconsistent with Rule 55(a), Federal

2

Rules of Civil Procedure (FRCP), which does not direct such delayed notice of entry of default. This 14-day notice requirement gave Defendant an additional 14 days to get out of jail free without having to seek relief or show cause for default.

On October 15, 2025, at 5:09 a.m. PDT, before the Court opened for business, Plaintiff filed ECF 17, which moved the Clerk for entry of Defendant's default. During the Court's business day, no action was taken by the Court on ECF 17 to enter Defendant's default, notwithstanding the fact that FRCP Rule 55(c) provided the Court the discretion necessary to "set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)."

On October 15, 2025, at 7:04 p.m. PDT, after the Court had closed for business, Defendant filed ECF 18, "ANSWER to 4 Complaint."

On October 16, 2025, at 1:00pm, the Court entered the following text on the docket:

> "CLERK'S ORDER denying 17 MOTION for Default. On 10/15/2025, a responsive pleading in the form of an Answer to Plaintiff's Complaint was filed by Defendant Microsoft Corporation. Dkt. 18. (VE)"

This delayed filing, ECF 19, operated to deny Plaintiff his right under FRCP Rule 55(a) to require the Clerk to immediately enter Defendant's default. The failure to comply with the "must enter" text of FRCP Rule 55(a) gave Defendant the opportunity to file ECF 18, after the Court had closed for business, and without having to invoke FRCP Rule 55(c).

3

## II. ARGUMENT

### A. LEGAL STANDARD

Plaintiff, as the party moving for interlocutory review, has the burden of showing that all three elements supporting interlocutory appeal are met: (1) it involves a controlling question of law (2) as to which there is substantial ground for difference of opinion and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b); *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 474, 475 (1978) ("[28 U.S.C. § 1292(b)] was enacted to meet the recognized need for prompt review of certain nonfinal orders.")

"Congress thus chose to confer on district courts first line discretion to allow interlocutory appeals." *Swint v. Chambers Cnty. Comm'n,* 514 U.S. 35, 47 (1995).

Interlocutory appeals are approved only in rare circumstances because they are "a departure from the normal rule that only final judgments are appealable, and therefore must be construed narrowly." *James v. Price Stern Sloan, Inc.,* 283 F.3d 1064, 1067 n.6 (9th Cir. 2002). See also *U.S. Rubber Co. v. Wright,* 359 F.2d 784, 785 (9th Cir. 1966) (Interlocutory appeals are "not intended merely to provide review of difficult rulings in hard cases.").

Certification under 28 U.S.C. § 1292(b) "requires the district court to expressly find in writing that all three § 1292(b) requirements are met." *Couch v. Telescope Inc.,* 611 F.3d 629, 633 (9th Cir. 2010). Here, the two questions for

certification directly center on the validity of a local rule and administrative practices in light of the Supremacy Clause, the Due Process Clause of the Fifth Amendment, the Rules Enabling Act, and FRCP Rules 4, 6, 12(b), 55(a) and 83(a)(1).

**B.    28 U.S.C. § 1292(b) Requirements Are Met**

    1.    <u>Controlling Question of Law</u>

"A controlling question of law must be one of law—not fact—and its resolution must 'materially affect the outcome of litigation in the district court.'" *ICTSI Or., Inc. v. Int'l Longshore & Warehouse Union,* 22 F.4th 1125, 1130 (9th Cir. 2022) (quoting *In re Cement,* 673 at 1026).

These include questions "as fundamental as the determination of who are necessary and proper parties, whether a court to which a cause has been transferred has jurisdiction, or whether state or federal law shall be applied." *United States v. Woodbury,* 263 F.2d 784, 787 (9th Cir. 1959).

The constitutional validity of ECF 11's exercise of ad hoc rulemaking power and the 14-day discretionary delay found under LCR 55(a), are pure questions of law. As such, both questions adequately satisfy this requirement.

    2.    <u>Substantial Ground for Difference of Opinion</u>

The substantial difference standard is satisfied by both questions. While the texts of the Supremacy Clause, the Rules Enabling Act (28 U.S.C. § 2072 (b)),

5

FRCP 83(a)(1), and the Due Process Clause of the Fifth Amendment ("supremacy") are clear and controlling, studies have found that multiple district courts diverge on and struggle with whether local rules can trump rules of supremacy. See *Federal Judicial Center "Default and Default Judgment Practices in the District Courts*, March 2024 ("As might be expected whenever discretion is involved, Rule 55 practices vary a great deal among district courts.") Available from https://www.fjc.gov/sites/default/files/materials/26/FJC_report_Rule_55_February_2024.pdf. See also *Contarino, Josiah, Playing by the Rules: FRCP 55(A) and the Circuit Split Regarding Its Meaning* (July 18, 2012). Available at SSRN: https://ssrn.com/abstract=2112433 or http://dx.doi.org/10.2139/ssrn.2112433 , https://papers.ssrn.com/sol3/Delivery.cfm/SSRN_ID2112433_code1871491.pdf?abstractid=2112433&mirid=1, https://scholarship.law.uc.edu/cgi/viewcontent.cgi?article=1127&context=uclr

In determining whether a "substantial ground for difference of opinion" exists, a court examines "to what extent the controlling law is unclear." *Couch v. Telescope Inc.,* 611 F.3d 629, 633 (9th Cir. 2010). Generally, this requirement is met when "the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point." *Id.*, 611 F.3d at 634.

### 3. Material Advancement

An interlocutory appeal of the two certified questions will, unquestionably, materially advance the termination of the litigation, which is precisely the promise an interlocutory appeal is intended to keep.

Defendant filed ECF 11, which did not comply with the 60-day requirement of ECF 7, and could not, in any way, cure the default. LCR 55(a) automatically authorized Defendant to receive an additional 14 days to respond to the Complaint. This rule blatantly contradicted ECF 7 and the FRCP, in addition to not requiring application of relief from default.

The Court delayed an entire business day, October 15, 2025, without taking any action on the Motion for entry of default. On October 15, 2025, at 7:04 p.m. after the Court had closed for business, Defendant filed ECF 18. On October 16, 2025, the Clerk refused to enter Defendant's default on the ground that ECF 18 had been filed.

A favorable ruling on appeal will result in the Clerk's entry of Defendant's default on October 1, 2025, consistent with the 14-day Notice provided to the Court in ECF 14, which was filed on October 2, 2025. This appeal would further render moot or remove/strike ECF 18 and 19, while only leaving for action Plaintiff's Motion for Default Judgment filed on October 17, 2025, ECF 20, and noted for October 17, 2025.

Thus, this interlocutory appeal arguably will minimize the total burdens of litigation on the parties and the judicial system by accelerating or at least simplifying trial court proceedings and leaving the trial court with one lone task: damages under default judgment, ECF 20.

### C. Timeliness of Request

Although there is no specific deadline for seeking certification of an interlocutory appeal under § 1292(b), this Motion is being made four (4) days after the Clerk's denial of Plaintiff's motion for entry of default, and is before issuance of the Court's initial case scheduling order under FRCP 16(b).

### III. CONCLUSION

Certification under § 1292(b) is warranted because the questions presented for certification are pure questions of law and constitutional supremacy. A favorable review will restore uniformity and due process throughout the Circuit by resolving this recurring conflict.

Submitted respectfully,

DATED this 20th day of October 2025.

  /s/Emanuel McCray
Emanuel McCray