**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON (TACOMA)**

| | |
|---|---|
| EMANUEL MCCRAY, | ) Case No.: 3:25-cv-05660-RAJ |
| | ) |
| Plaintiff, | ) [PROPOSED] |
| v. | ) ORDER GRANTING PLAINTIFF'S |
| | ) MOTION TO CERTIFY FOR |
| MICROSOFT CORPORATION, | ) INTERLOCUTORY APPEAL |
| | ) |
| Defendant. | ) |
| | ) |

The Court finds that Plaintiff has met the burden of showing that all three elements supporting interlocutory appeal have been met:

1.  <u>Controlling Question of Law</u>

Both questions will materially affect the outcome of litigation in this district court, *ICTSI Or., Inc. v. Int'l Longshore & Warehouse Union,* 22 F.4th 1125, 1130 (9th Cir. 2022) (quoting *In re Cement,* 673 at 1026), because the constitutional validity of ECF 11's exercise of ad hoc rulemaking power and the 14-day discretionary delay found under LCR 55(a), are pure questions of law.

2.  <u>Substantial Ground for Difference of Opinion</u>

1

As noted in the 2024 Report of the Federal Judicial Center, "Rule 55 practices vary a great deal among district courts." ECF 11's exercise of ad hoc rulemaking power and the 14-day discretionary delay found under LCR 55(a) are prime examples among these varying practices. Here, the Court of Appeals of this Circuit has not addressed the profound issues presented by these two questions. See, e.g., *Couch v. Telescope Inc.,* 611 F.3d 629, 633-634 (9th Cir. 2010) (describing case where "the court of appeals of the circuit has not spoken on the point.")

3. <u>Material Advancement</u>

It is clear to the Court that appellate review of ECF 11's exercise of ad hoc local rulemaking power and the 14-day discretionary delay found under LCR 55(a) is warranted and will result in the termination of this litigation, leaving the court with only determining damages under default judgment proceedings.

The Court, having considered the motion to certify an interlocutory appeal and any opposition thereto, GRANTS Plaintiff's motion and HEREBY, pursuant to 28 U.S.C. § 1292(b), certifies for interlocutory appeal the questions of whether the 14-day discretionary delay for entry of default under Local Court Rule (LCR) 55(a) and whether the administrative practice of permitting an opposing party to create, ad hoc, a 15-day motion notice dispositive local rule, ECF 11, are valid exercises of local rulemaking power under the Supremacy Clause, the Rules Enabling Act

(28 U.S.C. § 2072 (b)), FRCP 83(a)(1), and the Due Process Clause of the Fifth Amendment.

The Court also HEREBY STAYS all proceedings pending resolution of any interlocutory appeal.

DATED this day of _____, 2025.

_____
THE HONORABLE RICHARD A. JONES
UNITED STATES DISTRICT JUDGE

3