HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

EMANUEL MCCRAY,

    Plaintiff,

v.

MICROSOFT CORPORATION,

    Defendants.

Case No. 3:25-cv-05660-RAJ

**ORDER ON PLAINTIFF'S MOTION TO CERTIFY FOR INTERLOCUTORY APPEAL UNDER 28 U.S.C. § 1292(b)**

## I. INTRODUCTION

THIS MATTER comes before the Court on Plaintiff Emanuel McCray's Motion to Certify for Interlocutory Appeal Under 28 U.S.C. § 1292(b) (the "Motion," Dkt. # 25). Defendant Microsoft Corporation ("Microsoft") has not filed any submission in opposition to the Motion. The Court has reviewed the Motion, Plaintiff's submissions in support thereof, and the balance of the record. For the reasons set forth below, the Court **DENIES** the Motion.

## II. BACKGROUND

Plaintiff, proceeding *pro se*, commenced this action on July 28, 2025. Dkt. # 1. Plaintiff alleges that, on July 10, 2025, he received an email from an anonymous sender making "criminal threats of extortion and blackmail," in violation of the Computer Fraud

ORDER - 1

and Abuse Act ("CFAA"), 18 U.S.C. § 1030. Dkt. # 4 ¶¶ 29, 37, 152. Plaintiff alleges that Microsoft failed to prevent the transmission of this email, despite having "full knowledge" of the sender's criminal acts, and in fact took "affirmative steps to conceal the crimes" committed by the sender of the e-mail by "flagging the email as 'junk'" and "scheduling [it] for deletion" after 30 days. *Id.* ¶¶ 165, 171. Plaintiff accordingly brings CFAA, negligence, and gross negligence claims against Microsoft, and seeks "damages, punitive damages, court costs, fees and such other relief as the Court deems just and proper, not to be less than $52 billion." *Id.* ¶¶ 183, 191, 203.

Since filing this action, Plaintiff has made numerous filings to the docket seeking various forms of relief. These filings, which frequently misinterpret the Federal Rules of Civil Procedure and other applicable law, include: (i) "notices" to the Court relating to Plaintiff's offers to settle the matter, Dkt. ## 15, 22; (ii) filings related to Plaintiff's motions for entry of default and default judgment, Dkt. ## 17, 20, 27–28; and (iii) notices alleging sanctionable conduct or "bad behavior" by Defendant Microsoft, Dkt. ## 21, 24, 29. The instant Motion, Dkt. # 25, is stylized as a *Motion Certification of Interlocutory Appeal* relating to the following previous filings: (1) Plaintiff's Motion for Default Against Microsoft Corporation, Dkt. # 17; (2) Defendant Microsoft's Motion to Compel Arbitrations and Stay Case, Dkt. # 11; (3) Plaintiff's LCR 55(a) 14-Day Notice to Court of Intent to Seek Clerk's Entry of Defendant's Default, Dkt. # 14; (4) Clerk's Order Denying Motion for Default, Dkt. # 19; (5) Plaintiff's Waiver of Service of Summons upon Defendant Microsoft Corporation, Dkt. # 7; (6) Plaintiff's Motion for Default Judgment Against Defendant Microsoft Corporation, Dkt. # 20; and (7) Defendant Microsoft's Answer to Complaint, Dkt. # 18.

Plaintiff proposes the following "Certification Questions" in the Motion:

1. Whether the 14-day discretionary delay for entry of default under Local Court Rule (LCR) 55(a), which extends a defendant's time to answer without an

ORDER - 2

order or showing of good cause in violation of the "must enter" direction of FRCP Rule 55(a), is a valid exercise of local rulemaking power under the Supremacy Clause, the Rules Enabling Act (28 U.S.C. § 2072 (b)), FRCP 83(a)(1), and the Due Process Clause of the Fifth Amendment.

2. Whether the administrative practice of permitting an opposing party to create, ad hoc, a 15-day motion notice dispositive local rule, which shortens a Plaintiff's response to this ad hoc local rule by 46%, is a valid exercise of local rulemaking power under the Supremacy Clause, the Rules Enabling Act (28 U.S.C. § 2072 (b)), FRCP 83(a)(1), and the Due Process Clause of the Fifth Amendment.

Dkt. # 25 at 1.

### III.    LEGAL STANDARD

Generally, only "final decisions of the district courts" may be appealed. *See* 28 U.S.C. § 1291. A party may, however, file an interlocutory appeal of a non-final order if the district court certifies (1) "such order involves a controlling question of law"; (2) "as to which there is substantial ground for difference of opinion"; and (3) "an immediate appeal from the order may materially advance the ultimate termination of litigation." 28 U.S.C. § 1292(b). The party seeking an interlocutory appeal bears the burden of establishing all three elements. *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010). Interlocutory appeals should be permitted "only in extraordinary cases where decision of an interlocutory appeal might avoid protracted and expensive litigation." *U.S. Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir. 1966). "It was not intended merely to provide review of difficult rulings in hard cases." *Id.* "[W]hen a district court certifies an order for appeal pursuant to Section 1292(b), it is the *entire order* that is on appeal, not *particular questions*." *Nat'l Assoc. of African-American Owned Media v. Charter Comm'cs, Inc.*, No. 16-cv-609, 2016 WL 10647193, at *4 (C.D. Cal. Dec. 12, 2016) (citing *Yamaha Motor Corp., U.S.A. v. Calhoun*, 516 U.S. 199, 205 (1996)) (emphasis in original).

ORDER - 3

## IV. DISCUSSION

The Court's review of a motion to certify for interlocutory appeal begins with the identification of the non-final order challenged by the movant. Here, Plaintiff identifies seven documents in the docket caption of his Motion, but only one of those is an order: the Clerk's denial of Plaintiff's initial Motion for Default Judgment (the "Clerk's Order," Dkt. # 19). The phrasing of Plaintiff's first proposed "Certification Question" also suggests that one of Plaintiff's principal grievances is the timing of the Clerk's denial of Plaintiff's motion for default following the filing of Defendant Microsoft's answer on October 15, 2025. Dkt. ## 17–19; Dkt. # 25 at 1 (proposing to certify question of "[w]hether the 14-day discretionary delay for entry of default under Local Court Rule (LCR) 55(a) . . . is a valid exercise of local rulemaking power").

Plaintiff's second proposed "Certification Question" does not identify a non-final order, instead challenging what Plaintiff describes as the "administrative practice of permitting an opposing party to create, ad hoc, a 15-day motion notice dispositive local rule. . . ." Dkt. # 25 at 1. The Court observes that Plaintiff's objection to Defendant's 15-day noting date on its Motion to Compel appears to be premised on Plaintiff's presumption that the Motion to Compel is a dispositive motion. *Id*. However, as several appellate courts and numerous district courts have held, a motion to compel arbitration and stay proceedings is non-dispositive. *See, e.g.*, *PowerShare, Inc. v. Syntel, Inc.*, 597 F.3d 10, 14 (1st Cir. 2010); *Virgin Islands Water & Power Auth. v. Gen. Elec. Int'l Inc.*, 561 F. App'x 131, 133–34 (3d Cir. 2014); *Painters Dist. Council 16, Loc. Union 294 v. Color New Co.*, No. 12-CV-0570 LJO-BAM, 2012 WL 3235101, at *1 n.1 (E.D. Cal. Aug. 6, 2012); *Vernon v. Qwest Commc'ns Int'l, Inc.,* No. 09–cv–01840, 2012 WL 768125, at *2–3 (D. Colo. Mar. 8, 2012); *Torrance v. Aames Funding Corp.,* 242 F.Supp.2d 862, 865 (D. Or. 2002); *cf. Blair v. Barrett Fin. Grp. LLC*, No.

CV-24-03157-PHX-DJH, 2025 WL 69919, at *2 (D. Ariz. Jan. 10, 2025). Accordingly, the Court finds that the Motion to Compel is not dispositive.

Based on the foregoing, for the purposes of adjudicating the Motion, the Court assumes that Plaintiff intends to challenge the Clerk's Order as the applicable "non-final order," and will accordingly apply the § 1292(b) elements to the Clerk's Order. *See, e.g.*, *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993) ("The entry of default is an interlocutory act and, as such, a non-final order. . . . The dispositions of motions for entries of defaults and default judgments . . . are left to the sound discretion of a district court. . ."); *see also* 15A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3914.5 (3d ed. 2025) ("Rulings with respect to default made before entry of judgment are not final" and a district court's "[r]efusal to enter a default simply sets the stage for continued trial court proceedings and plainly is not final.")

Several courts have found that denials of motions for default or default judgment are not appealable as interlocutory or collateral orders. *See, e.g.*, *Schachter v. Terte*, No. 89 CIV. 2009, 1989 WL 119436, at *1 (E.D.N.Y. Oct. 3, 1989), *aff'd*, 907 F.2d 144 (2d Cir. 1990) ("Pursuant to 28 § 1292(b) [*sic*], this court finds that plaintiff's request for review of its earlier denial of a motion for default does not involve a controlling question of law as to which there is substantial ground for difference of opinion."); *Clarke v. Total Quality Logistics*, No. 25-CV-02020-JPM-TMP, 2025 WL 1146408 (W.D. Tenn. Apr. 18, 2025) (appeal of Clerk's denial of plaintiff's request for entry of default did not "meet the criteria for interlocutory appeals under 28 U.S.C. § 1292" and would be "frivolous") (internal citations omitted); *Cline v. HSBC Bank USA, N.A.*, 711 F. App'x 182, 183 (4th Cir. 2018) (order vacating default and denying default judgment is not "an appealable interlocutory or collateral order"); *Scinto v. Preston*, 231 F. App'x 250, at *1 (4th Cir.

ORDER - 5

2007) (denial of motion for default judgment is not "an appealable interlocutory or collateral order"); *Ferguson v. Acura*, No. 8:16-CV-3460-T-23TBM, 2017 WL 11932995, at *2 (M.D. Fla. Oct. 5, 2017), *report and recommendation adopted sub nom. Ferguson v. Acura*, No. 8:16-CV-3460-T-23AEP, 2017 WL 11932996 (M.D. Fla. Oct. 20, 2017) (same); *Muhammad v. Dale*, No. 06-0315WS-B, 2008 WL 4531767, at *2 (S.D. Ala. Oct. 9, 2008) (same). Moreover, the Ninth Circuit has declined to review a district court's denial of a motion for default judgment. *Bird v. Reese*, 875 F.2d 256, 256 (9th Cir. 1989). Nevertheless, erring on the side of caution, this Court will evaluate Plaintiff's request under 28 U.S.C. § 1292.

The Court concludes that the elements of § 1292(b) have not been satisfied. An appeal of the Clerk's Order would not "implicate a controlling issue of law on which there is substantial difference of opinion," nor "materially advance" the litigation, nor "preserve resources." *Webb v. Kistler*, No. 07-01067-A, 2008 WL 850047, at *2 (E.D. Cal. Mar. 28, 2008).

First, the Clerk's Order declining to enter default does not involve a controlling issue of law. A pure question of law under § 1292(b) is a "question of the meaning" of a law. *Ass'n of Irritated Residents v. Fred Schakel Dairy*, 634 F. Supp. 2d 1081, 1089 (E.D. Cal. 2008) (citation omitted). A "mixed question of law and fact" does not constitute a "question of law" under § 1292(b). *Bluetooth SIG, Inc. v. FCA US LLC*, No. 18-cv-1493, 2021 WL 1922975, at *1 (W.D. Wash. May 13, 2021) (citation omitted). Here, the question of whether the Clerk erred by declining to enter the default is "necessarily a mixed question of law and fact," as it resulted from the requirements of Rule 55(a) and the Clerk's "understanding of the present posture of the case, a factual matter." *Ahmadzai v. Stohlman & Rogers, Inc.*, No. 2:15-CV-00989-MCE, 2016 WL

881132, at * 5 (E.D. Cal. Mar. 8, 2016). As such, the Motion does not seek review of a controlling issue of law.

Second, the Clerk's Order does not yield substantial ground for difference of opinion. This factor under § 1292(b) asks the court to determine "to what extent the controlling law is unclear," *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010). The requirement is often met when "the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented." *Id*. (quoting 3 Federal Procedure, Lawyers Edition § 3:212 (2010)). Plaintiff's assertion that the Clerk "misconstrued the status of the litigation and failed to properly apply the relevant law" in deciding whether to enter the default amounts merely to "a disagreement with the ruling." *Ahmadzai*, 2016 WL 881132, at *5. Even "[s]trong disagreement" with a court's ruling, however, is not sufficient to establish substantial grounds for difference of opinion. *Couch*, 611 F.3d at 633.

Here, there is no substantial ground for difference of opinion as to the propriety of the Clerk's denial of Plaintiff's motion for entry of default. While Plaintiff objects that the answer referenced in the Clerk's Order (Dkt. # 18) was filed by Defendant Microsoft after its deadline to answer had already elapsed, Defendant's appearance by itself precludes default. Even if Microsoft's answer "was untimely . . . Fed. R. Civ. P. 55(a) does not require a timely answer." *In re Clark*, No. C09–1373-RAJ, 2010 WL 2639842, at *3 (W.D. Wash. June 28, 2010). While an untimely answer "violates Fed. R. Civ. P. 12(a)," it nonetheless constitutes "pleading or otherwise defending," which is sufficient "to bar the entry of default." *Id.* (citing *Eitel v. McCool,* 782 F.2d 1470, 1476 (9th Cir.1986)). Additionally, prior to filing its answer, Defendant Microsoft filed the Motion to Compel, which constitutes a responsive pleading precluding default. *See, e.g.*,

ORDER - 7

*Chan v. Panera, LLC*, No. 2:23-CV-04194-JLS-AJR, 2024 WL 4328827, at *7 (C.D. Cal. Aug. 16, 2024) ("[A] motion to compel arbitration may be filed instead of a responsive pleading under Rule 12(b).") (citations omitted); *Balen v. Holland Am. Line Inc.*, 583 F.3d 647, 652 (9th Cir. 2009) (assessing appeal of motion to compel arbitration under Rule 12(b)(3)). Considering Microsoft's multiple appearances in this matter, the Clerk's denial of Plaintiff's motion for entry of default was especially consistent with "the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel,* 782 F.2d at 1476. Accordingly, Plaintiff has not identified any substantial grounds for difference of opinion.

As to the final § 1292(b) factor, granting certification of the Clerk's Order for interlocutory appeal is unlikely to materially advance this litigation. Certification will serve only to delay this Court's adjudication of other pending motions in this matter, including the Motion to Compel. Additionally, an interlocutory appeal of the Clerk's Order would be an especially inefficient use of judicial resources, given that Plaintiff filed a second motion for entry of default just one day after his first motion for default was denied. Dkt. ## 19, 20. As such, an immediate appeal of the Clerk's order is unlikely to "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

## V.    CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion, Dkt. # 25.

DATED this 30th day of December, 2025.

*[Signature: Richard A. Jones]*

The Honorable Richard A. Jones
United States District Judge