**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON (TACOMA)**

EMANUEL MCCRAY,                           ) Case No.: 3:25-cv-05660-RAJ
                                          )
                            Plaintiff,    ) PLAINTIFF'S ARBITRATION
      v.                                  ) STATUS UPDATE RE ECF 31
                                          )
MICROSOFT CORPORATION,                    )
                                          )
                            Defendant.    )
                                          )

**BACKGROUND**

In an email dated April 16, 2026, Victoria Ericksen, Courtroom Deputy to the Hon. Richard A. Jones and the Hon. Robert S. Lasnik, United States District Court, Western District of Washington, (206) 370-8517, requested an update on the status of the arbitration directed in the Order filed on January 12, 2026. ECF 31. See Plaintiff's Exhibit 1 to this response.

On January 13, 2026, Plaintiff filed a Notice of Appeal regarding ECFs 30 and 31. See Plaintiff's Exhibit 2 to this response, and ECF 32.

1

On January 27, 2026, without waiting for a briefing, a Panel from the Ninth Circuit Court of Appeals dismissed the appeal for lack of jurisdiction. See Plaintiff's Exhibit 2 to this response and ECF 34.

On February 2, 2026, Plaintiff filed "APPELLANT'S PETITION FOR PANEL REHEARING AND REHEARING EN BANC" in the Ninth Circuit Court of Appeals. See Plaintiff's Exhibit 3 to this response.

The Petition for Panel Rehearing and Rehearing En Banc remains pending before the Ninth Circuit Court of Appeals and no Mandate has been issued as of April 16, 2026.

Defendant Microsoft Corporation has made no effort to compel Plaintiff to engage in arbitration as directed by the Court in ECF 31.

**JURISDICTION**

In Star Trek, members of Starfleet must observe the Prime Directive, even as they jump into or come out of warp speed. In this case, the District Court violated the Prime Directive of the Supremacy Clause: laws enacted by Congress are the Supreme Law of the Land.

Pursuant to the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act of 2021 ("EFAA"), which President Biden signed on March 3, 2022, the District Court lacked jurisdiction to order arbitration.

2

The Federal Arbitration Act ("FAA") was amended by the EFAA to prohibit the enforcement of arbitration agreements for claims arising from sexual harassment by providing, in pertinent part that:

> "Notwithstanding any other provision of this title, at the election of the person alleging conduct constituting a sexual harassment dispute. ..no predispute arbitration agreement or predispute joint action waiver shall be valid or enforceable with respect to a case which is filed under Federal...law and relates to...the sexual harassment dispute." 9 U.S.C. § 402(a). See Plaintiff's Exhibit 3 to this response.

The EFAA, in contrast to the FAA, demonstrates Congress's preference that plaintiffs alleging sexual harassment be permitted to be heard in court and not be compelled to arbitration under the FAA.

The existence of the EFAA rendered the Order directing arbitration under the FAA null and void, and "time does not confirm a void act."

Additionally, it is noticed that in the Ninth Circuit, an exception to the divestiture rule exists where a deficiency in the notice of appeal "is clear to the district court." In such case, the district court may proceed with the case "knowing that it has not been deprived of jurisdiction." *Ruby v. Secretary of the United States Navy*, 365 F.2d 385, 389 (9th Cir. 1966). Such would probably be the case in the absence of the EFAA, 9 U.S.C. § 402(a). Moreover, in ECF 13 at 5, Plaintiff urged the Court to either dismiss the complaint or deny Defendant Microsoft's motion to compel arbitration under the FAA which was issued on an invalid and never before

heard of 15-day notice, rather than a 28-day notice, and which was not among the Court's local rules.

Submitted respectfully,

DATED this 16th day of April 2026.

/s/ Emanuel McCray
Emanuel McCray