# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON (TACOMA)

EMANUEL MCCRAY,                         ) Case No.: 3:25-cv-05660-RAJ
                                        )
                            Plaintiff,) PLAINTIFF'S RESPONSE TO
   v.                                   ) MICROSOFT'S STATUS REPORT
                                        ) (ECF 36)
MICROSOFT CORPORATION,                  )
                                        )
                            Defendant.)
                                        )
_____ )

Plaintiff respectfully submits the following response to inform the Court of substantial matters overlooked or omitted by Defendant Microsoft in its Status Report, ECF 36.

Paragraph 29 of the complaint, ECF 4, identifies a threat to send porn videos to everyone in plaintiff's contacts. The Complaint quotes the full July 10, 2025 sextortion email verbatim. Relevant portions of the sextortion email states:

> "I've recorded many videos of you jerking off to highly controversial porn videos.… I doubt you'd want your friends, family and co-workers to know about it. However, I can do it in a few clicks. Every number in your contact list will suddenly receive these videos — on WhatsApp, on Telegram, on Instagram, on Facebook, on email—everywhere.…"

1

"These videos," referred to by the sextortionist, are secret recordings of the plaintiff masturbating in a manner described as "jerking off." Those recordings constitute sexually explicit visual content depicting a sexual act.

Therefore, the complaint directly identifies a threat to distribute pornographic material, i.e., explicit videos of the plaintiff in a sexual act, to everyone in the plaintiff's contact list (described as friends, family, and co-workers).

Later, in ¶ 198, the complaint expressly characterizes the email's content as "indecent, lewd, and offensive to the modesty and decency of every contact in Plaintiff's emails and social media accounts."

Calling someone a "perv," or accusing them of "sick perversion," when they are not, combined with threatening to send fake/false pornographic videos of Plaintiff masturbating to Plaintiff's personal contacts, is textbook "sexual harassment."

Sexual harassment is unwelcome conduct of a sexual nature that is severe or pervasive enough to create a hostile environment, cause emotional distress, or interfere with the victim's life. The email quoted in ¶ 29 of the Complaint fits squarely within that definition given to "sexual harassment."

The falsity of the "perv" label does not matter. Whether or not the accusation is true, the identified sexual conduct is what makes it sexual harassment. The intent is to humiliate and control through sexual shame.

Defendant Microsoft does not address the fact that the Complaint pleads "sexual harassment," which Congress excluded from litigation under the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act of 2021 ("EFAA"), 9 U.S.C. § 402(a). Instead, Defendant Microsoft blames Plaintiff for failing to submit "a Notice of Dispute or Demand for Arbitration," **_after_** being made fully aware that Congress vested Plaintiff with a statutory right against any "arbitration proceedings" that involve "sexual harassment."

On October 1, 2025, in ECF 13 at 5, Plaintiff urged the Court to either dismiss the complaint or deny Defendant Microsoft's motion to compel arbitration under the FAA.

We now arrive at the same position today from a different direction. Congress has not authorized any Court to compel arbitration under the FAA involving sexual harassment. The Order compelling arbitration will forever be an Order that is null and void. Plaintiff will never waive his statutory right to refuse "arbitration proceedings" that involve "sexual harassment." The natural outcome is that Microsoft's Super Yacht now rests permanently on the bottom of the Pacific Ocean.

Submitted respectfully,

DATED this 19th day of April 2026.

/s/ Emanuel McCray
Emanuel McCray

3